Judge Ewing
delivered the Opinion of the Court.
This case was formerly before this Court, and its history and the principles then settled, will be found reported in 1 J. J. Marshall, 506.
Upon the return of the cause to the Circuit Court, commissioners were appointed to hear proof, audit the accounts, and make report to Court. They, to aid them in the discharge of their laborious duties, employed an experienced clerk, and after a labor of months, succeeded, in bringing the accounts to a reasonably satisfactory conclusion, and made report thereof. By their estimates, Col-mesnil was found indebted to Honoré, four thousand' one hundred and ninety-two dollars seventy eight and one half cents, exclusive of some stock held by the partners, in several companies, and a balance of uncollected debts. The Court decreed a payment of the money, without interest, and a sale of the stock, and an equal division of the proceeds, and that the parties retain an equal interest in the uncollected debts. From that decree, Honoré has again brought the case to this Court, for revision.
This whole transaction, from the commencement to the end of the association, is enveloped in clouds and darkness. It is impossible to arrive at absolute certainty in closing the multifarious and complicated accounts, of a firm whose affairs were so loosely and carelessly, if not fraudulently, conducted, on the part of the principal keeper of the books.
We must rely much upon the estimates made, and the general results produced, by the experienced accountants, to whom the laborious task was confided, of examining the original books (which are not now before us,) interrogating the parties, hearing proofs, and closing the accounts.
*200 After wading through the present and former records, which embrace a mass of matter, which, if spread on paper of ordinary size, would perhaps cover several thousand pages, and after a careful examination, of the points made, and items of the accounts objected to by the plaintiff’s counsel, we would remark, that, although we are not clearly satisfied that all the items of the accounts, debts and credits are entirely correct, we have not been convinced that any of them are incorrect, or that it was not proper to allow those that have been allowed, and reject those that have been rejected. Many of those objected to by the counsel, we are clearly convinced, were properly allowed, and others properly rejected. Without, therefore, stopping to dispose of, in detail, the various objections raised by the counsel, as to items of account allowed or disallowed, we would say, that we have perceived no just ground to reverse the decree of the Circuit Court, on the ground of any of those objections.
But a question of importance, is raised here, to wit: the question of interest upon the balance found due by Colmesnil to Honoré, after the dissolution of partnership. No interest seems to have been allowed by the Circuit Court.
Prior to disposing of this question, it will be proper to enquire, whether it has been concluded, by the opinion of this Court, when the case was formerly before it. In the first opinion delivered, the question of interest was not touched. The counsel for both parties filed petitions for a rehearing. In the petition for Honoré, his counsel ui’ged the allowance of a division of the profits, pro-portionably to the amount of capital put in by each, or the allowance of interest upon Honore’s excess of capital. The remarks of the Court, in response to the petitions, it is clear, from a slight examination of them, in connection with the claim for interest, had relation only to the interest upon the excess of stock during the continuance of the partnership, and not upon the balance found due after its dissolution. 1 J. J. Marshall, 541. The claim for interest upon the excess of stock before the dissolution, was considered, and disallowed by the Court. *201 But the right to interest on any balance, which might be found due and owing by one partner to the other, was not examined or disposed of, or any directions given with respect to it. That question, therefore, yet remains open.
Where, upon the dissolution of a partnership,there is a balance due to one of the firm from the other, which he fails or refuses to pay over; or where one had put in more capital than the other, which, upon the dissolution, & the debts being paid, he has an immediate right to withdraw, but the other retains it— the partner who is thus indebted, is liable for inter est from the time of the dissolution till he pays over the money.
An examination of the record satisfies the Court, that the balance found due and decreed by the Court, in favor of Honoré against Colmesnil, was due, at the dissolution of the partnership, in .February, 1820, exclusive of the funds on hand as well as the uncollected funds of the late firm, all of which, except some uncollected balances of doubtful debts, were, from time to time, as they were collected by Colmesnil, who continued to act as agent, divided between himself and Honoré. The amount, therefore, now found to be due from him, was due at the dissolution, and would have been found to be then due, had the accounts been then closed. Why, therefore, should he not be accountable for interest? The use of money is worth its interest, and he has had the use of this fund from 1820 up to this time, and Honoré has been deprived of the use of it. The one has had the benefit of it, in re-commencing business, or may have invested it in profitable speculations, in which the other had no interest, and from which he could be entitled to no profits. While, on the other hand, Honoré, by being deprived of the amount, was deprived of the issues and profits of any profitable investment of the same, and may for the want of it, have been thrown out of business. And Colmesnil having, since the dissolution, taken to himself an equal share of the profits of the late firm with that paid over to Honoré, the amount remaining due, may be treated as so much of Honore’s own stock, vested originally in the late firm, and which Col-omesnil has retained and used for his own purposes.— Or, if his indebtedness accrued by his taking out the funds of the firm and applying them to his own üse, with or without the assent of his co-partner, it became his duty, immediately upon the dissolution, to.replace them, and if they were not so replaced, he should, from thenceforth at least, be made accountable for interest.
If, in any case, the time of the dissolution ofa accounts aré uní liquidated, & the balance due to ■the creditor partner, uncertain m amount, can excuse the debtor paymentl°of interest; it will not debtorWh partner was the book-hound u^know the state of the partnership accounts, and the extent of his owu (indebtedness,
But again: Honoré, hada right, first after the payment of debts, to have his capital refunded, before a division of the profits, and Colmesnil, as a faithful agent, should have paid it over to him in that order, or should have paid over to him an amount more than the amount retained, equal to the amount found due. Instead of which, he has placed himself upon an equality with Honoré in the division, by retaining an amount in his hands, equal to the amount paid to Honoré, leaving the amount of the excess of indebtedness on his part, unsatisfied.
If it were admitted to be a tenable ground to assume against the allowance of interest, that the amount found <jue was not ascertained or liquidated until the report, this ground cannot avail in the defendant’s case. He was constituted the keeper of the books, and in consid- . . . .... eration of his assumed superior skill asan accountant aric[ book-keeper, he claimed and was allowed by the r ... . _ J Court, an equal participation m the profits, with Honoré, w^0’ as ^ now aPPears> furnished the whole stock of the company. Had he been the skilful accountant and book-keeper which he professed to be, and had done his duty, he could readily have known his own indebted'ness, and have saved the complainant from much perplex[ty an£} delay, in coercing a settlement of the accounts, J , , . . J , . r -t , t and bringing the affairs of the concern to a close. g0 eyery aspect in which the case can be *
viewed, we feel satisfied, that interest ought to be allowed.
In making this allowance, we are sustained by the ■opinion of Chancellor Kent,'in a similar case — the case of Stoughton vs. Lynch, 2 John. Chy. Rep. 219. In that case he uses the following language:—
“ The sixth exception is, that the master in chancery, •“ in stating the accounts, has made a rest on the 3d of ■■“July, 1795, and has allowed to the- parties respeetive- “ ly, interest from that period, upon the balances then “ due.”
“ The period, here mentioned was the time of the dis- “ solution of partnership, and that was, undoubtedly, *203 “ the proper period to adjust the balance, and the party “ who was then the debtor became so, with obligation to “ pay, and is, therefore, justly chargeable with interest “ on such debt. It would seem to be very unreasonable, “ that the balance then truly due, should be retained in “ his hands, down to this day, free of all interest.”
A decree settling partnership accounts , should extend to land, which had been purchased on. joint account. The debts due to a partnership, at the time of a decree closing the concern, should ■ be divided between the partners.
It would be equally unreasonable in the case before the Court.
There are some other less grievous errors in the decree.
It is not stated what disposition has been made of the ten feet of ground purchased on joint stock. It would be proper that the joint interest of the parties to it, should be disposed of in the decree.
Again: no final disposition seems to have been made of the uncollected debts. It would be proper, unless the parties otherwise agree, for the Court to direct that the evidences of those debts, be divided, and that a final disposition be made of the whole case.
It is, therefore, the opinion of the Court, that the decree of the Circuit Court be reversed, and cause remanded that the interest may be calculated upon the amount of the sum of money which Colmesnil was directed to pay to Honoré, as the balance due, from the date of the decree of dissolution up to the rendition of the final decree herein, and that the aggregate amount be decreed to ■ the complainant with current interest thereon till paid, and costs; and that, in other respects, the decree be rendered according to the principles settled in this opinion, retaining so much of said decree, as is not reversed or directed to be changed in this opinion. And.the plain-.-tiff is entitled to his costs in. this Court.