ANDREWS *vs.* ANDREWS.

*In the matter of the Estate of* HENRY ANDREWS, *deceased.*

WHERE the executor, who was a surviving partner of the testator, had a valid claim against his deceased partner for profits as carried to his credit on the books of the firm at the testator's decease, he is entitled to interest on the debt the same as any other creditor. If he has been in funds to pay himself and has used the money, that would extinguish the claim for interest.

The period of the dissolution of the partnership is the proper time to make a rest and adjust the accounts, and the partner against whom the balance is found, is chargeable with interest thereon.

SANDFORDS and PORTER, *for Executor.*

EDWARD P. CLARK, *for Legatees.*

THE SURROGATE.—The accounts of the executor and executrix are admitted without objection, except as to a charge of interest which the executor has made for an amount due him at the testator's decease, and which remained unpaid for two years and eight months. There is

no reason why an executor should not have interest on a debt due him by the testator, the same as other creditors of the estate. If it be said that he was in funds to pay himself, that would, of course, extinguish his claim for interest, if he actually used the fund, but this does not appear to have been the fact in the present case. The ground of objection is, that the claimant was a partner in business with the testator, and the demand in question was the amount due him for his share in the profits as carried to his credit on the books at the testator's death. The business was conducted in the sole name of the testator, and when he was absent from this city, his son John E. Andrews, the executor, acted for him under a power of attorney. The name of John E. did not appear in the business as a partner, and it is asserted that he received one-third of the profits by way of salary, and not as a partner, and that he was not liable for losses, except so far as they affected his share of the profits. On such a state of facts there can be no doubt the executor was entitled to interest on his claim. But even if the executor is to be treated as a partner, there is no reason why interest should not be allowed on his share of the profits, a balance having been struck annually, and the amount due him having been regularly ascertained and carried to his credit. If the sum in question was the precise amount due the executor on the testator's decease, as the accounts then stood; if that was the amount due him from his father, and which was then recoverable, in other words, if that was the balance with which *the other partner was chargeable*, then interest should be allowed. The period of the dissolution of the partnership is the proper time to make a rest and adjust the accounts, " and the partner against whom the balance is found is chargeable with interest thereon." (*Jer. Eq. Jur.* 543, *Stoughton* vs. *Lynch*, 2 *J. C.*, 209.) I understand the balance claimed to be one of this character, that it is the amount which the executor was entitled to as against his father at the time of his decease. If that balance was correct, it was then due as a present indebtedness, and unless subsequent losses reduced

the ability of the firm to pay its indebtedness, there is no reason why it should not bear interest, the presumption of law being that it was producing interest. (See *Hollister* vs. *Barkley*, 11 *N. Hamp.*, 501; *Simpson* vs. *Feltz*, 1 *McCord, Ch.* 213; *Goddard* vs. *Bulow*, 1 *Nott & McCord*, 46, 220; *Honore* vs. *Colmesnil*, 7 *Dana*, 201). Treating this as a copartnership, the same rule, of course, will apply to the other partner, and his balance would also be earning interest. There is no pretence that these balances did not correctly represent the state of the accounts at the testator's decease— and that being so, interest must be allowed. (*Beacham* vs. *Eckford*, 2 *Sandf. Ch. R.*, 116). I therefore think the objection not well taken.