H. J. Agnew *v.* B. F. Dillingham.

## SUPREME COURT—IN BANCO.

### OCTOBER TERM, 1878—IN EQUITY.

*Harris, C. J., Judd and McCully, J. J.*

### H. J. Agnew *vs.* B. F. Dillingham.

#### ON APPEAL.

A Bill in Equity to dissolve a sub-partnership and for an account was filed 20th March, 1878. It appeared to the Chancellor that from the date of filing the bill to the 1st of June, 1878, was sufficient time in which respondent, who managed the business and kept the books, could have produced the proofs so that an account could be made, and the amount due complainant ascertained, and he allowed interest to be computed from the 1st of June, his decree being dated the 26th of August;

HELD, no error, as the complainant was entitled to the use of his money from the time when its amount could reasonably have been ascertained.

Opinion of the Court by JUDD, J.

This is an appeal taken from a decree of the Chancellor confirming a report of a Master of this Court, on a bill to dissolve a sub-partnership and an account. The first of the two points raised by this appeal is whether the complainant should be allowed interest from June 1, 1878, the date fixed by the Chancellor, or from August 26th, the date of the final decree.

The first bill between these parties was filed March 20, 1878, the present respondent being complainant, and on April 1st a cross bill was filed, upon which the decree was finally made, after numerous hearings. The main object of the investigation was to ascertain the value of H. J. Agnew's interest in the copartnership property, it consisting of one-quarter interest in the stock of an extensive hardware business

in this city, carried on under the firm name of Dillingham & Co. No inventory or account of stock was taken by the respondent on his filing his bill, and none was taken since that time.

The Chancellor, on the 6th of May, referred the matter to a Master in Chancery to take an account, and both parties made such a showing to the Master as they saw fit, whereupon the Master reported on the 6th of July, 1878, among other things that the average profit of the business had been 50 per cent., and found the amount due complainant to be $5,761.58.

Exceptions were taken to this report by both parties. Two errors suggested by the complainant were corrected by the Court, and the Court took further testimony and had fresh computations made of the profits on the sales, and the percentage was found to be 45½ per cent.; and on August 15, 1878, the Chancellor found the amount due complainant to be $5,574.18.

In Collyer on Partnership, Section 335, we find it laid down that, in all cases in which it is thought that justice would not be satisfied by the mere payment to the party of the balances to which he is entitled in the hands of another, and that he ought to have the advantage which has, or which, at the least, might have been made of the money. A Court of Equity, in decreeing an account, will direct interest to be calculated accordingly.

In Stoughton vs. Lynch, 2 John., Ch. 209, it was held that "the period of the dissolution of the partnership is the proper time to make a rest and adjust the balance of the partnership account, and the partner against whom the balance is found is chargeable with interest."

But in Dexter vs. Arnold, 3 Mason, 284, Mr. Justice Story said that interest is not allowed upon partnership accounts generally until after a balance is struck on a settlement between the partners, unless the parties have otherwise agreed or acted in their partnership concerns.

In the case before us, the respondent was the managing partner, had the custody of the books and continued the business of the concern. It was then his duty to produce proofs and data before the Master with all promptitude to enable him to report.

A quotation from the case of Honore *vs.* Colmesnil, 7 Dana, 201, is peculiarly apt here. "If in any case the fact that at the time of the dissolution of the partnership, the accounts are unliquidated, and the balance due to the creditor partner is uncertain in amount, can excuse the debtor partner from the payment of interest, it will not avail where the debtor partner was the bookkeeper, and was bound to know the state of the partnership accounts and the extent of his own indebtedness."

The state of the law on the subject of interest in partnership settlements seems to be that "there is no general rule fixing the date of the dissolution of a partnership, as the period from which interest is to be computed against the partner who is indebted to his associate; but that the allowance or refusal of interest in such cases, depends upon the circumstances of each case." See Beachem *vs.* Eckford, 2 Sandford, Chapter 116.

The Chancellor thought that the time between the 20th of March and the 1st of June was amply sufficient to enable the respondent, if he had been diligent, to have produced the proofs and enabled the Master to report the sum due the complainant, and on the principle that the complainant was entitled to the use of his money from the time when its amount could reasonably have been ascertained; the Chancellor directed interest to be computed from the 1st of June.

In the light of the authorities above referred to, we think this was proper and just, and that the circumstances of this case warranted it.

The second point raised by the appeal is that an amount of cash purchases and sales was made by the firm in this town to fill local orders, on which a profit not over 10 per cent. was made, and that allowance should be made on these sales.

20

But it was the duty of the respondent to show reasonably to the Master during his investigation what the amount of these sales were. The mere statement by the respondent that $10,000 of such purchases and sales had been made, not supported by data, is not sufficient as evidence to support an amendment to the decree in this respect.

The decree, therefore, must stand.

J. M. Davidson for complainant.

A. S. Hartwell and Castle & Hatch for defendants.

Honolulu, December 4, 1878.