PHILIP ALLEN & SONS *vs.* WOONSOCKET COMPANY.

A rehearing of a suit in equity will not be granted at the respondent's request on account of the complainant's laches in delaying to file his bill for an account until nearly six years *after the dissolution of a partnership* when the complainant had called on the respondent for an account soon after the dissolution, and the respondent, the accounting party, had neglected to render it.

Nor will a rehearing be granted on the ground of newly discovered testimony when such testimony might as easily have been obtained for the original hearing.

Interest on the balance found due to the complainant at the dissolution was allowed, after such time as would give the respondent opportunity to close up the partnership business. *Held*, on a petition for rehearing, that if such an allowance was error it was an error in the respondent's favor.

BILL IN EQUITY.    On the respondent's petition for a rehearing.

After the decisions in this case reported in 11 R. I. 288, 298, the cause was referred to a master, who filed his report January 22, 1878. Exceptions were taken by the respondent, and after argument the report was recommitted July 26, 1879. When the master's second report came in the respondent moved to set it aside, and also presented exceptions. The court, upon argument and consideration, confirmed this report with certain corrections, and entered a final decree June 23, 1880, allowing the complainants $141,696.73, as of November 15, 1879, and costs. A petition for a rehearing was filed, bearing the clerk's file marks of June 21, 1880, and June 26, 1880. This petition was refused by the following opinion.

*October* 30, 1880. PER CURIAM. This petition is denied. We will briefly state our reasons for denying it. It relates in part to matters on which the court has fully expressed itself in the two opinions published in 11 R. I. 288, 298, and in part to matters on which the court rendered its decisions without giving reasons for them, because the decisions turned on the testimony and ·did not involve any controversy in regard to the law. We are not convinced that we have erred in our decisions on these matters, and do not deem it necessary to give more fully than we have already given our reasons for them. The petition asks a rehearing because of the alleged laches of the complainant in delaying suit for nearly six years. The complainant or his copartner for the firm requested the defendant to come to a settlement several years before the suit, very soon in fact after the dissolution of copartnership with the defendant. The defendant did not comply with this request, and did not render any account, though an accounting party. If the defendant had complied as it ought to have done, or had rendered an account as it ought to have done, it could scarcely have been hurt by the complainants' delaying to sue it. We do not think the defence of laches,

which is now first brought to the attention of the court, is in the circumstances a good ground for rehearing.

The petition also asks a rehearing on account of newly discovered testimony. A portion of this testimony, to wit, the income returns, if it exists, for its existence is not satisfactorily established, could have been obtained on the original hearing as easily as now, and no reason is shown why it was not then obtained. Of the rest of the testimony, a part is simply cumulative, and all is such that it could not alter our conclusion if a rehearing were had. We therefore do not think the defendant is entitled to a rehearing on this ground.

The petition alleges error in the allowance of interest. Interest on the balance due at the dissolution was allowed after such time as would afford the defendant opportunity to close the business. The defendant contends that interest was not chargeable because the account was not liquidated. The account could not be liquidated without suit until it was rendered, and it was the duty of the defendant on being requested to render it. The defendant was requested, but did not do it. Not to charge the defendant with interest in such circumstances would be to permit it to take advantage of its own wrong. The cases go even further than this, and allow interest from the dissolution independently of any request for an account. In *Stoughton* v. *Lynch*, 2 Johns. Ch. 209, the question came up on exceptions to the report of a master appointed to take the account; and Chancellor Kent, sustaining the master, held that interest was chargeable on the balance against the partner retaining it from the date of the dissolution. " It would seem," he said, " to be very unreasonable that the balance then truly due should be retained in his hands down to this day free of all interest." And he added that the allowance of such interest was, he apprehended, " the general practice as well as the good sense of the thing." The same rule was applied in New Hampshire, in *Hollister* v. *Barkley*, 11 N. H. 501, and in Kentucky, in *Honore* v. *Colmesnil*, 7 Dana, 199, 201. In the latter case the court say that if the fact that the account is unliquidated is ever a reason for not allowing interest, it is not a reason in favor of a debtor partner who keeps the books and is bound to know the extent of his indebtedness. See, also, *Andrews*

v. *Andrews,* 3 Bradf. Sur. 99; *Simpson* v. *Feltz,* 1 McCord Ch. 213.   According to these cases, if the court has committed an error, it is not an error of which the defendant can complain.

The petition contains other less important allegations of error or omission, but we are not satisfied that the defendant is entitled to a rehearing on account of them.            *Petition dismissed.*

*Charles Hart, James M. Ripley & John C. B. Woods,* for complainants.

*Francis Fellowes, Charles S. Bradley, John F. Tobey, Charles Bradley,* and *Warren & Brandeis,* for respondents.