Patterson, J.
As this case was presented to us on the argument and in the brief of the learned counsel for the appellant, the only errors alleged relate to items debited by the referee to the defendant Bernheimer and going to make up the aggregate sum of $23,287.56, part of the amount of the judgment appealed from.
These alleged errors involved matters of fact and no questions of law are presented for our consideration.
In order to arrive at a proper understanding of the facts we have been compelled to examine the voluminous record *48 and the extended accounts which were before the referee. The action is for the settlement of partnership accounts. After a protracted trial, and, as appears from his findings, the most careful investigation of the whole case, the learned referee made his report in which the charges against the defendant Bernheimer appear. The findings of the referee show the extent and thoroughness of his examination of the evidence, and the clearness with which he has presented the case enables us to dispose of the only objections which are insisted upon by the appellant in a very few words.
It is in the first place charged that an improper rule was adopted by the referee in making up the final balance of the capital account (orwhat maybe so called); and it is claimed that the defendant Bernheimer is overcharged by an improper method of computation and the disallowance of interest. These overcharges comprise one item of $7,303.38, and another of $1,419 13, the latter being for withdrawals of Goldsmith (one of the partners), after December 31, 1873, and before March 13, 1874. Ordinarily the- principle of the settlement of the capital account as stated by the appellant would be right. But under the findings of the referee, supported as they are by evidence, we do not see wherein the referee erred. He was justified in holding that the dissolution of the firm and the distribution among the partners were to be as of December 31, 1873; and comparing the tabulated statement at page 30 of the respondent’s brief with the findings and the accounts and the evidence, especially the letter of Lesserman and the statements of witnesses, we are satisfied that the findings are correct, unless there is a rule of law which would compel us to allow interest to Bernheimer on his capital. Concerning that, the remarks of Chief Justice Church in Johnson v. Hartshorn (52 N. Y., 173), apply. He says:
“There is and can be no fixed rule in settling partnership accounts in respect to interest. Its allowance must necessarily depend upon the circumstances of each case; ordinarily interest is not allowed after dissolution upon capital as such, although by the articles it is allowed during the partnership. Watney v. Wells, L. R., 2 Ch. Ap., 250. The reason for this general rule is obvious. During the partnership all the partners have the benefit of the capital to make profit, while upon dissolution the benefit ceases. But where the surviving partner unreasonably delays the payment of capital, interest will be allowed. 7 Dana, 201; 1 M’Cord, chap. 213.
Carefully examining what may be called the capital account, and weighing all that has been advanced by the learned counsellor the appellants, wé are of opinion that *49 the referee was right in the conclusion at which he arrived; that his basis of computation was correct, and that without any other data he was justified in his determination on this subject. We are also of the opinion that what Goldsmith withdrew after January 1, 1874, cannot in any way be charged against the plaintiff, adopting as we do the referee’s view, that the accounts on dissolution are to be settled as of December 31, 1873.
Objection is made to the findings of the referee disallowing the legal expenses in the coming suits. These expenses were properly disallowed. We do not understand the effect of the evidence to be as contended for by the appellant. The suit was settled in such a way as produced no benefit to Lesserman, but gave a very great advantage to Bernheimer and Goldsmith, and we are at a loss to see why Lesserman should be charged with any part of the large outlay in that suit, which was compromised for the benefit of the defendants, and without any benefit to the plaintiff, except the mere fact that he was relieved from a possible liability. If he should be called upon to pay part of the expenses, why should he not participate in the results % It may be that he consented to the compromise; but it does not follow from that fact alone that he should bear any part of the expense of the litigation, the fruits of which, amounting to a very large sum, were realized by others, and none of them by him. The payments made to Goldsmith for his services rendered after the dissolution were properly rejected by the referee. Goldsmith was a partner, and without express stipulation between the partners, he could not demand nor receive compensation for his services. Franklin v. Robinson, 1 John. Ch. 159; Bradford v. Kimberley, 3 id., 431; Caldwell v. Leiber, 7 Paige, 483; Lyon v. Snyder, 61 Barb., 178. The general rule of law is substantially as stated in the opinion of Johnson, J., in the ■case last cited; and we see nothing in the special facts of this case to take it out of the rule. Indeed, the principle would apply with greater force in a case like this, if regard be had to the situation of the parties, and the peculiar state of facts disclosed by the evidence.
The remaining objections may be readily disposed of. It is quite obvious that the repairs of the stills and machinery and that the new machinery were not for the benefit of the old concern, but were made for the benefit of Bernheimer and Goldsmith, or of the new corporation composed of the three persons mentioned in the evidence.
The referee was right in adopting the view he has expressed as to those transactions.
*50 The judgment should be affirmed, with costs.
Brady and Bartlett, JJ., concur